# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID JEFFREY BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 08-CV-662-GKF-FHM |
| ) | |
| JIM KEITH, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner, a state inmate represented by counsel, filed a response (Dkt. # 7) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

### *BACKGROUND*

Petitioner challenges his convictions entered in Tulsa County District Court, Case No. CF-2001-574. See Dkt. #1. The docket sheet provided by Respondent reflects that on January 3, 2002, at the conclusion of a non-jury trial, the state district court found Petitioner guilty of Manufacturing a Controlled Dangerous Substance (Count 1), Unlawful Possession of a Controlled Drug With Intent to Distribute (Count 2), and Possession of a Firearm While in Commission of a Felony (Count 4). See Dkt. # 6, Ex. 2. He was sentenced to thirty-three (33) years imprisonment on Count 1, four (4) years on Count 2, and two (2) years on Count 4, with the sentences to run concurrent with each other

and concurrent with a sentence entered in Tulsa County District Court, Case No. CF-2000-5551. Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). See Dkt. # 6, Ex. 1. By Order filed June 18, 2003, in Case No. F-2002-64, the OCCA affirmed the judgment and sentence of the trial court. Id. Petitioner was represented at trial and on direct appeal by attorney Joe L. White.

On March 31, 2006, Petitioner, represented by attorney Julia Allen, filed an application for post-conviction relief. See Dkt. # 6, Ex. 2. The state district court denied the application by order filed November 27, 2007. Id.; Dkt. # 1, Ex. A. Petitioner appealed to the OCCA, and by order filed March 14, 2008, in Case No. PC-2007-1264, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 6; Dkt. # 1, Ex. B.

Petitioner, represented by attorney Julia Allen, commenced this habeas corpus action on November 12, 2008. See Dkt. # 1. He raises five (5) claims, as follows:

> Proposition 1: Petitioner never waived his constitutional rights to a trial on the merits and all other constitutional due process rights, thereby mandating relief for ineffective assistance of counsel.
>
> Proposition 2: Counsel's stipulation to transcripts and a lab report without any cross-examination was a gross denial of due process without any waiver.
>
> Proposition 3: Counsel's irreconcilable conflict of interest at the trial and appellate level by representing Petitioner and his co-defendant presumptively denied Petitioner a fair trial.
>
> Proposition 4: Counsel never advanced the following relevant, meritorious pre-trial motions: (a) Motion to Suppress Statement; (b) Motion to Merge Counts and dismiss the Possession with Intent to Distribute Count; (c) Motion to Sever Defendants; and (d) Motion to Quash Firearms Count for insufficient evidence adduced at the preliminary hearing (no nexus between the firearm and the offense).
>
> Proposition 5: Petitioner received ineffective assistance of counsel from his attorney at the District Court and appellate level.

2

(Dkt. # 1). In response to the petition, Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. # 5.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Petitioner's conviction became final on September 16, 2003, after the 90 day time period for filing a petition for

3

writ of *certiorari* in the United States Supreme Court had lapsed. See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001). As a result, his one-year limitations clock began to run on September 16, 2003, and, absent a tolling event, a federal petition for writ of habeas corpus filed after September 16, 2004, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). Petitioner commenced this action on November 12, 2008, or more than four (4) years beyond the deadline. Absent either statutory or equitable tolling, the petition is time-barred.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek any post-conviction relief during the relevant period. Petitioner's application for post-conviction relief was not filed until March 31, 2006, or more than eighteen (18) months after the September 16, 2004, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, this action, commenced on November 12, 2008, appears to be untimely.

In response to the motion to dismiss, see Dkt. # 7, Petitioner argues that his petition was timely filed under 28 U.S.C. § 2244(d)(1)(D) (providing that the one-year limitations period may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). Petitioner asserts that he discovered his claims on May 11, 2006, when the state district court purportedly determined, in a companion case,

Case No. CF-2000-5551, that he had received ineffective assistance of counsel. Petitioner also states that on February 27, 2008, he prevailed on his post-conviction claims of ineffective assistance of counsel before the OCCA.[1] Petitioner ties the two cases together, as follows:

> Joe White, the attorney for Petitioner, was also the attorney in the companion case, CF-2000-5551. There, although the District Court ultimately denied post-conviction relief, the Court found several instances of ineffectiveness by White both at trial and on appeal. Moreover, White's representation was contemporaneous with the CF-2000-5551 case and was closely related. Thus, Petitioner's claims in this case, CF-2001-574 were hinged on the outcome of the other.

(Dkt. # 7 at 2).

The Court recognizes Petitioner's assertion that claims raised in Case No. CF-2001-574 "hinged on the outcome" of the claims raised in Case No. CF-2000-5551. Regardless of the relationship between the two cases, however, the state district court's finding of ineffective assistance of counsel in the companion case, CF-2000-5551, did not serve to restart the limitations period, under § 2244(d)(1)(D), applicable to the convictions entered in CF-2001-574. Petitioner discovered, or could have discovered through the exercise of due diligence, the "factual predicate" of his claims of ineffective assistance of counsel during his non-jury trial proceedings in December 2001 and January 2002, and his direct appeal proceedings culminating with the OCCA's opinion affirming his convictions and sentences on June 18, 2003. Petitioner's reliance on the date of the state district court's ruling in a companion case is based on the determination of the legal significance of facts long known to him. Recognition of the legal significance of a set of facts does not trigger application of § 2244(d)(1)(D). See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)

---

[1] Petitioner has not provided a copy of either the state district court order denying post-conviction relief in Case No. CF-2000-5551 or the OCCA's order reversing the denial of post-conviction relief in Case No. PC-2006-638.

("[T]he trigger in Section 2244(d)(1(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance.").

Therefore, Petitioner's one-year period applicable to his claims raised in the petition did not begin to run on May 11, 2006, under § 2244(d)(1)(D), when the state district court ruled that he had received ineffective assistance of counsel in Case No. CF-2000-5551. See Owens, 235 F.3d at 359; Cf. Preston v. Gibson, 234 F.3d 1118, 1120 (10th Cir. 2000) (holding that state court decisions "did not restart the limitations period" as nothing in those decisions "alerted [the petitioner] to any factual basis for his claim"). Instead, his one-year period began to run, under § 2244(d)(1)(D), when he discovered, or could have discovered through the exercise of due diligence, the "factual predicate" of his claims, i.e., at the time of his non-jury trial and direct appeal. That date would be earlier than the date determined above under § 2244(d)(1)(A). Because the limitations period runs "from the latest of" the dates provided by § 2244(d)(1)(A), (B), (C), or (D), the Court finds that the one-year period began to run under § 2244(d)(1)(A), when Petitioner's conviction became final. Unless Petitioner is entitled to equitable tolling, his petition filed November 12, 2008, is time-barred.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to

6

"'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Petitioner does not claim to be entitled to equitable tolling. Petitioner waited two and a half years after his convictions became final to seek post-conviction relief. Thus, the record does not support a finding that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Petitioner is not entitled to equitable tolling.

The Court concludes that this action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

DATED THIS 16th day of June, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma